IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON J. THOMPSON,

    Petitioner,

v.                                       Civil Action No. 5:19CV11
                                                            (STAMP)

FREDERICK ENTZEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I. Procedural History

The pro se[1] petitioner, Brandon J. Thompson ("Thompson"), a federal inmate incarcerated at F.C.I. Hazelton in Bruceton Mills, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This Court entered an order to show cause why the petition should not be granted. ECF No. 6. The respondent filed a motion to dismiss the petition or, in the alternative, a motion for summary judgment. ECF No. 8. Petitioner then filed a response in opposition and memorandum. ECF Nos. 16 and 17. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

recommendation recommending that respondent's motion be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 19. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file specific written objections within 14 days after being served with copies of the report. The petitioner filed objections. ECF No. 21.

## II. Background

In his petition, petitioner asserts that the Federal Bureau of Prisons ("BOP") violated his right to due process and the Accardi Doctrine[2] by failing to provide him with a report from the Disciplinary Hearing Officer ("DHO") following an incident and investigation stemming from an assault of another inmate. Petitioner claims that the DHO report was purposefully withheld by the BOP so that petitioner could not timely appeal his hearing to the regional office. For relief, the petitioner requests that this Court expunge his conviction to ensure the BOP staff will not continue to disregard BOP policy and to deter BOP staff from future actions that violate this policy. ECF No. 1.

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 19. The magistrate judge noted that a federal prisoner challenging a disciplinary proceeding under

---

[2]United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954).

§ 2241 must exhaust his administrative remedies prior to filing suit. The magistrate judge determined that in the instant matter, there is no dispute that petitioner failed to exhaust his administrative remedies regarding his disciplinary proceeding. Id. at 9. Further, the magistrate judge found that there is no violation of the Accardi Doctrine and petitioner's pending petition is subject to dismissal for failure to exhaust. Id. at 10. Moreover, even if this Court were inclined to excuse exhaustion, the magistrate judge found that the petition fails to state a proper ground for relief. Id. On review, the magistrate judge noted that the petitioner was provided all the due process required of disciplinary proceedings and the petitioner's claims do not state a claim for relief as they do not involve a liberty interest and do not state a cognizable habeas claim. Id. at 11-12.

The petitioner filed timely objections. ECF No. 21. In his objections, the petitioner reiterates his argument that the BOP staff purposefully withheld his DHO report to prevent him from filing an appeal. Petitioner continues by asserting that he did not fail to exhaust, but rather, "was unable to exhaust administrative remedies due to impediments put in place by staff designed to prevent the Petitioner (as well as all inmates) from being able to exhaust administrative remedies." Id. at 3.

3

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the petitioner's failure to exhaust administrative remedies and finds that the petitioner's failure to exhaust his administrative remedies cannot be excused. As the magistrate judge correctly stated, a federal prisoner challenging a disciplinary proceeding under § 2241 must exhaust his administrative remedies prior to filing suit, and failure to exhaust may only be excused upon a showing of cause and prejudice. Courts have enforced a longstanding policy favoring exhaustion prerequisites in habeas

4

corpus actions arising under § 2241 in order to promote important policies such as developing the necessary factual background upon which the petitioner's claim is based, allowing the Federal Bureau of Prisons ("BOP") the opportunity to exercise its discretion and apply its expertise in this area, conserving scarce judicial resources, giving the BOP a chance to discover and correct its own possible error, and avoiding deliberate disregard for the administrative process.  In this case, for the reasons stated by the magistrate judge, this Court finds that the petitioner has not exhausted his administrative remedies.

Additionally, this Court agrees with the magistrate judge that even if this Court were inclined to excuse exhaustion, which it is not, the petition ultimately fails to state a proper ground for relief as the petitioner was provided all the due process required of disciplinary proceedings and the petitioner's claims do not involve a liberty interest and do not state a cognizable habeas claim.

As to petitioner's objections, this Court finds that petitioner does not specifically object to the magistrate judge's report and recommendation, but merely reiterates his previous arguments made in support of his petition and in response to the respondent's motion.  Upon review, this Court finds that petitioner has failed to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de

novo review of the report and recommendation as it relates to exhaustion requirements and cognizable habeas claims. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 19) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 8) is GRANTED, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's objections (ECF No. 21) are OVERRULED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 30, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE